1  MATTHEW L. SEROR (SBN: 235043)
       mseror@buchalter.com
2  BUCHALTER
   A Professional Corporation
3  1000 Wilshire Boulevard, Suite 1500
   Los Angeles, CA 90017
4  T: 213.891.0700
   F: 213.896.0400
5
   Attorneys for Defendant
6  TOPSON DOWNS OF CALIFORNIA, INC.

7

8                **UNITED STATES DISTRICT COURT**

9               **CENTRAL DISTRICT OF CALIFORNIA**

10

11  UNIVERSAL DYEING & PRINTING,        Case No. 2:17-cv-03879-DDP (MRWx)
    INC.,
12                                      **DEFENDANT'S PROPOSED
                  Plaintiff,            FINDINGS OF FACT AND
13                                      CONCLUSIONS OF LAW**
          vs.
14                                      Trial:  January 15, 2019
    TOPSON DOWNS OF CALIFORNIA,
15  INC.,

16                Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

BN 35494004v7

# **TABLE OF CONTENTS**

**PAGE**

I.    BACKGROUND ................................................................................ 1

      A.    The Parties ......................................................................... 1

      B.    The Copyright Registration and Design at Issue ................... 1

II.   DEFENDANT'S PROPOSED FINDINGS OF FACT ...................... 1

      A.    UDP Registers 15 Textile Designs, Including the 28 Design, as
            Part of a Single Work Registration;  but the Designs in the Single
            Work Registration Were Not All Authored by UDP, and Those
            Designs Were Not All Published as a Single Unit, All at the Same
            Time, as Even UDP Admitted .......................................................... 1

      B.    Topson Downs Pays Runway Textiles, with Whom it Had Done
            Business for Years, a Royalty for the Right to Use Runway
            Textile's Design. .......................................................................... 7

      C.    Proposed Conclusions of Law .......................................................... 8

## TABLE OF AUTHORITIES

**PAGE**

**Cases**

*Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*
122 F.3d 1211 (9th Cir. 1997)..................................................................9

*Gold Value Int'l Textile, Inc. v. Sanctuary Clothing, LLC,*
2017 U.S. Dist. LEXIS 181296 (C.D. Cal. 2017)...........................11

*Lamps Plus, Inc. v. Seattle Lighting Fixture Co.,*
345 F.3d 1140 (9th Cir. 2003)............................................................9, 12

*Olander Enters., Inc. v. Spencer Gifts, LLC,*
812 F.Supp. 2d 1070 (C.D. Cal. 2011)...............................................11

*Three Boys Music Corp. v. Bolton,*
212 F.3d 477 (9th Cir. 2000)..................................................................8

*Unicolors, Inc. v. Macy's, Inc.*
1016 U.S. Dist. LEXIS 193259 (C. D. Ca. 2016)...........................10

*United Fabrics International v. C&J Wear, Inc.,*
630 F. 3d 1255 (9th. Cir. 2011)........................................................8, 10

*Urban Textiles, Inc. v. Cato Corp.,*
2016 U.S. Dist. LEXIS 193921 (C.D. Cal., 2016)...........................11

*Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*
658 F. F.3d 936 (9th Cir. 2011)..........................................................12

**Statutes**

17 U.S.C. § 101.....................................................................................10

17 U.S.C. § 410(b)...............................................................................11

17 U.S.C. § 410(c)............................................................................8, 9

17 U.S.C. § 504 (c)(2).........................................................................12

37 C.F.R. § 202.3(b)(4)(i)(A)..............................................................10

37 C.F.R. § 202.3(b)(5)-(10)...............................................................10

**Other Authorities**

Compendium II of Copyright Office Practices, § 307.01 (1984).............12

Defendant Topson Downs of California, Inc. respectfully submits this Proposed Findings of Fact and Conclusions of Law.

## I.      BACKGROUND

### A.      The Parties

Plaintiff Universal Dyeing & Printing, Inc. is a fabric printer.  Topson Downs is a Culver City based designer and seller of apparel products.

### B.      The Copyright Registration and Design at Issue

The design at issue in this case has been designated by Plaintiff, UDP, as UA16128 the ("28 Design").  (See Trial Exhibit 2, P. 2 [28 Design]).  The 28 Design is included within United States Copyright Registration No. VA 1-792-167 (the "Registration").  (See Trial Exhibit 6 [Registration]).

The Registration arose out of an application for a "single work" registration for a group of published works and includes a total of fifteen textile designs.

The Registration bears an effective date of September 7, 2011 and indicates that the works included in the Registration were authored by Universal and were first published on July 15, 2011.

## II.     DEFENDANT'S PROPOSED FINDINGS OF FACT

### A.      UDP Registers 15 Textile Designs, Including the 28 Design, as Part of a Single Work Registration;  but the Designs in the Single Work Registration Were Not All Authored by UDP, and Those Designs Were Not All Published as a Single Unit, All at the Same Time, as Even UDP Admitted.

1.      The registration at issue is VA 1-792-167 and includes 15 textile designs (UA16128 (the 28 Design); UA16129; UA16130; UA16131; UA16132; UA16133; UA16136; UA16137; UA16138; UA16144; UA16145; UA16146; UA16147; UA16148 and UA16149). Trial Exh. 6.

///
///
///
///

2.     UDP's designer (Kathy Kim) created three of the fifteen designs included in the Registration (UA16128 (the 28 Design); UA16133 and UA16138). Kim Testimony, p. 34, ln. 17 – p. 35, ln. 7.[1]

3.     Kathy Kim took elements from the *Ethnics: Designer's Notebook Belvedere* and used them to create the 28 Design. Stipulated Fact (f).

4.     Kathy Kim did not create the UA16129; UA16130; UA16131; UA16132; UA16136; UA16137; UA16144; UA16145; UA16146; UA16147; UA16148 or UA16149 designs. Kim Testimony, p. 34, ln. 17 – p. 35, ln. 7.

5.     The designs not created by Kim (UA16129; UA16130; UA16131; UA16132; UA16136; UA16137; UA16144; UA16145; UA16146; UA16147; UA16148 and UA16149) were assigned to UDP by third party Medici Textiles, who authored those twelve designs. Trial Exhs. 14, 16, 18, 20, 22, 24, 26, 28, 30, 32, 34, 36.  Specifically:

a.     On June 13, 2011, Medici Textiles assigned to UDP a design named Silky Pino.  Medici Textiles is listed as the author of the Silky Pino design. Trial Exh. 14.

b.     On June 13, 2011, UDP assigned design number UA16129 to the Silky Pino design received from Medici Textiles. Trial Exh. 15.

c.     On June 20, 2011, Medici Textiles assigned to UDP a design named Blue Creek.  Medici Textiles is listed as the author of the Blue Creek design. Trial Exh. 16.

d.     On June 20, 2011, UDP assigned design number UA16130 to the Blue Creek design received from Medici Textiles. Trial Exh. 17.

---

[1] Topson Downs has concurrently lodged the transcript from the trial in this action for the court's consideration and convenience.  References to the page and line citations from testimony are highlighted in the concurrently lodged transcript.

e.    On June 17, 2011, Medici Textiles assigned to UDP a design named Ruby Essence.  Medici Textiles is listed as the author of the Ruby Essence design. Trial Exh. 18

f.    On June 17, 2011, UDP assigned design number UA16131 to the Ruby Essence design received from Medici Textiles. Trial Exh. 19.

g.    On June 15, 2011, Medici Textiles assigned to UDP a design named Earth Care.  Medici Textiles is listed as the author of the Earth Care design. Trial Exh. 20.

h.    On June 15, 2011, UDP assigned design number UA16132 to the Earth Care design received from Medici Textiles. Trial Exh. 21.

i.    On June 22, 2011, Medici Textiles assigned to UDP a design named Hello Stripe.  Medici Textiles is listed as the author of the Hello Stripe design. Trial Exh. 22.

j.    On June 22, 2011, UDP assigned design number UA16136 to the Hello Stripe design received from Medici Textiles. Trial Exh. 23.

k.    On June 21, 2011, Medici Textiles assigned to UDP a design named My Cotton.  Medici Textiles is listed as the author of the My Cotton design. Trial Exh. 24.

l.    On June 21, 2011, UDP assigned design number UA16137 to the My Cotton design received from Medici Textiles. Trial Exh. 25.

m.    On June 15, 2011, Medici Textiles assigned to UDP a design named Mistic Canyon.  Medici Textiles is listed as the author of the Mistic Canyon design. Trial Exh. 26.

n.    On June 15, 2011, UDP assigned design number UA16144 to the Mistic Canyon design received from Medici Textiles. Trial Exh. 27.

o.    On June 14, 2011, Medici Textiles assigned to UDP a design named Royal Signature.  Medici Textiles is listed as the author of the Royal Signature design. Trial Exh. 28.

p.    On June 14, 2011, UDP assigned design number UA16145 to the Royal Signature design received from Medici Textiles. Trial Exh. 29.

q.    On June 13, 2011, Medici Textiles assigned to UDP a design named Sunset Cliff.  Medici Textiles is listed as the author of the Sunset Cliff design. Trial Exh. 30.

r.    On June 13, 2011, UDP assigned design number UA16146 to the Sunset Cliff design received from Medici Textiles. Trial Exh. 31.

s.    On June 23, 2011, Medici Textiles assigned to UDP a design named Pure Nature.  Medici Textiles is listed as the author of the Pure Nature design. Trial Exh. 32.

t.    On June 23, 2011, UDP assigned design number UA16147 to the Pure Nature design received from Medici Textiles. Trial Exh. 33.

u.    On June 23, 2011, Medici Textiles assigned to UDP a design named True Mode.  Medici Textiles is listed as the author of the True Mode design. Trial Exh. 34.

v.    On June 23, 2011, UDP assigned design number UA16148 to the True Mode design received from Medici Textiles. Trial Exh. 35.

w.   On June 20, 2011, Medici Textiles assigned to UDP a design named Night Fall Paisley.  Medici Textiles is listed as the author of the Night Fall Paisley design. Trial Exh. 36.

x.   On June 20, 2011, UDP assigned design number 16149 to the Night Fall Paisley design received from Medici Textiles. Trial Exh. 37.

6.   The Registration lists UDP as the author of all fifteen designs included within the Registration, including those designs authored by Medici Textiles. See Trial Exh. 6.

7.   The Registration lists July 15, 2011 as the publication date for the fifteen designs included in the Registration. Trial Exh. 6.

8.   UDP maintains a Design Book, in the form of a binder, in its showroom that contains images of textile designs. Pak's Testimony, p. 72, lns. 4-17.

9.   The Design Book allows customers to review UDP's designs for the purposes of soliciting orders. Pak's Testimony, p. 72, lns. 18-20.

10.   When UDP has a new design, it gets added to the Design Book that is available for customers to view and order. Paks Testimony, p. 74, lns. 2-7.

11.   The pages in the Design Book are in the form reflected on Trial Exhibits 15, 17, 19, 21, 23, 25, 27, 29, 31, 33, 35, 37, 38, 39 and 40. Pak's Testimony, p. 74, lns. 12-19.

12.   The date reflected on each of the trial exhibits, Exh. Nos.  15, 17, 19, 21, 23, 25, 27, 29, 31, 33, 35, 37, 38, 39 and 40 is the date that the particular design is added to the Design Book. Paks Testimony, p. 74, lns. 20-24.

13.   The purpose of adding the documents marked as Trial Exhs. 15, 17, 19, 21, 23, 25, 27, 29, 31, 33, 35, 37, 38, 39 and 40 to the Design Book was to solicit orders from customers for the designs. Paks Testimony, p. 73, ln. 8- p. 74, ln. 1.

14. On June 13, 2011, UDP added design UA16128 (the 28 Design) to the Design Book. Trial Exh. 38.

15. On June 15, 2011, UDP added design UA16132 to the Design Book. Trial Exh. 39.

16. On June 15, 2011, UDP added design UA16138 to the Design Book. Trial Exh. 40.

17. The following chart, taking the dates found on Trial Exhibits 15, 17, 19, 21, 23, 25, 27, 29, 31, 33, 35, 37, 38, 39 and 40 reflects the date each of the designs included in the Subject Registration was inserted into the Design Book for the purposes of soliciting orders from customers.

| Medici Textile Design | Plaintiff's Design No. | Date Design Published/Inserted into Design Book |
|---|---|---|
| Silky Pino | UA16129 | June 13, 2011 |
| Blue Creek | UA16130 | June 20, 2011 |
| Ruby Essence | UA16131 | June 17, 2011 |
| Earth Care | UA16132 | June 15, 2011 |
| Hello Stripe | UA16136 | June 22, 2011 |
| My Cotton | UA16137 | June 21, 2011 |
| Mistic Canyon | UA16144 | June 15, 2011 |
| Royal Signature | UA16145 | June 14, 2011 |
| Sunset Cliff | UA16146 | June 13, 2011 |
| Pure Nature | UA16147 | June 23, 2011 |
| True Mode | UA16148 | June 23, 2011 |
| Night Fall Paisley | UA16149 | June 20, 2011 |
| N/A | UA16128 | June 13, 2011 |
| N/A | UA16132 | June 15, 2011 |
| N/A | UA16138 | June 15, 2011 |

///
///

**B.**     **Topson Downs Pays Runway Textiles, with Whom it Had Done Business for Years, a Royalty for the Right to Use Runway Textile's Design.**

18.     Prior to February 4, 2013, and in connection with Topson Downs' efforts to design a new line of apparel items:

a.     Third party Runway Textiles showed Topson Downs a number of different textile designs for the latter's consideration.

b.     Topson Downs used fabric bearing one of the designs shown to it by Runway to produce garment samples that were then shown to Topson Downs' customers.

c.     Topson Downs received an order from one of its customers, Marshall's, for 4,800 dresses bearing the textile design Topson Downs originally obtained from Runway. Wirht Testimony, p. 108, lns. 6-21.

19.     Following receipt of the order from Marshall's, Topson Downs issued a royalty purchase order to Runway Textiles in the amount of $.30 per yard royalty. Trial Exh. 41.

20.     On October 24, 2013, Topson Downs issued a second royalty purchase order to Runway Textiles for use of the same design in connection with goods to be produced for Zumiez, another of Topson Downs' customers. Trial Exh. 41.

21.     Topson Downs paid Runway Textiles the royalty called for on both royalty purchase orders. Wirht Testimony, p. 112, ln. 21 – p. 113, ln. 2 and p. 114, lns. 9 – 13.

22.     At the time Topson Downs entered into the royalty arrangement with Runway Textiles, it had been doing business with Runway for many years. Wirht Testimony, p. 111, ln. 20 – p. 112, ln. 20.

23.  Based on its experience with Runway Textiles,

    a.  Topson Downs knew Runway Textiles was a reputable company that created its own textile designs. Topson Downs could either purchase fabric from Runway Textiles bearing a Runway design, or pay Runway a royalty for the right to use a Runway design.

    b.  Topson Downs had never encountered any potential infringement issue with the designs of Runway Textiles in the past. Wirht Testimony, p. 111, ln. 20 – p. 112, ln. 20.

    c.  Topson Downs did not know that UDP claimed rights in the design appearing on the allegedly infringing garments. Wirht Testimony, p. 125, ln. 14 – p. 126, ln. 7.

24.  Topson Downs had not ever done business with UDP or sampled fabric from UDP. Topson Downs had not even heard of UDP until the filing of this lawsuit. Wirht Testimony, p. 115, lns. 6 – 15.

**C.  Proposed Conclusions of Law**

1.  To prevail on its copyright infringement claim, UDP must prove (1) ownership of a valid copyright in the work at issue; and (2) infringement by Topson Downs of the protectable elements of UDP's work. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000).

2.  A copyright registration is 'prima facie evidence of the validity of the copyright and the facts stated in the certificate.'" *United Fabrics International v. C&J Wear, Inc.*, 630 F. 3d 1255, 1257 (9th. Cir. 2011), *citing to* 17 U.S.C. § 410(c).

///
///
///
///

3. "To rebut the presumption [of validity], an infringement defendant must simply offer some evidence or proof to dispute or deny the plaintiff's prima facie case of infringement." *Lamps Plus, Inc. v. Seattle Lighting Fixture Co.,* 345 F.3d 1140, 1144 (9th Cir. 2003), *quoting Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.* 122 F.3d 1211, 1217 (9th Cir. 1997).

4. Defendant has rebutted the presumption of validity afforded by 17 U.S.C. § 410(c) by: (1) establishing that Plaintiff is not the author of the fifteen designs included in the Registration (as set forth on the Registration); and (2) by establishing that the fifteen designs were not all published on July 15, 2011 (as set forth on the Registration). See Proposed Findings of Fact 4 and 5 [UDP not author of fifteen designs included in Registration]; and 8-17 [the fifteen designs included in the Registration were not all published on July 15, 2011].

5. Once the presumption of validity is rebutted, UDP has the burden of proving it has a valid registration, i.e. that it is the author of the designs included within the Registration and that the designs included in the Registration were published in a single unit of publication on July 15, 2011. As set forth below, the presumption has been rebutted here.

6. Third party Medici Textiles, not UDP, is the author of the UA16129; UA16130; UA16131; UA16132; UA16136; UA16137; UA16144; UA16145; UA16146; UA16147; UA16148 and UA16149 designs included in the Registration. Plaintiff has failed to establish that it has a valid single work registration that complies with the same author requirements for its Registration. As a result, Plaintiff has not established its prima facie case for infringement, thereby providing a basis, apart from the invalidity of the Registration, which would entitle Topson Downs to judgment in its favor.

///

///

///

7.    The Registration is not a valid single work registration. Multiple works may be registered for copyright protection at one time, either through a single work registration or, for certain classes of works, a group registration. *Unicolors, Inc. v. Macy's, Inc.* 1016 U.S. Dist. LEXIS 193259, *8 (C. D. Ca. 2016).

8.    In the case of published works, applicable regulations permit **group registrations** for "automated databases," "related serials," "daily newspapers," contributions to periodicals," "daily newsletters," and "published photographs." 37 C.F.R. § 202.3(b)(5)-(10). (emphasis added).

9.    The textile designs that are included in the Registration are not "automated databases," "related serials," "daily newspapers," contributions to periodicals," "daily newsletters," and "published photographs," and therefore the Registration is not a group registration. *See Unicolors, Inc. v. Macy's, Inc.* 1016 U.S. Dist. LEXIS 193259, *8-9; 37 C.F.R. § 202.3(b)(5)-(10).

10.    The designs in a single work registration must be published in a single unit of publication. 37 C.F.R. § 202.3(b)(4)(i)(A).[2] *United Fabrics International v. C&J Wear, Inc.*, 630 F. 3d 1255, 1257 (9th Cir. 2011). Publication is, in relevant part here, "the distribution of copies or phonorecords of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending. ***The offering to the distribute copies or phonorecords to a group of persons for purposes of further distribution, public performance, or public display, constitutes publication***. 17 U.S.C. § 101 (emphasis added).

11.    Related to the publication requirement, a necessary element of a published-collection copyright is that the collection is "sold, distributed or offered for sale concurrently." *United Fabrics International v. C&J Wear, Inc.*, 630 F. 3d 1255, 1257 (9th. Cir. 2011). In other words, the group of textile designs within the

---

[2] A single group work registration is available for "all copyrightable elements that are otherwise recognizable as self-contained works, that are included in a single unit of publication, and in which the copyright claimant is the same."

1   Registration must first be sold, distributed or offered for sale concurrently to satisfy

2   the single unit of publication requirement. If any design is first made available for

3   sale to the public before others, then the works together cannot constitute a single

4   unit of publication. *See Olander Enters., Inc. v. Spencer Gifts, LLC*, 812 F.Supp. 2d

5   1070, 1075 (C.D. Cal. 2011).

6          12.   The fifteen designs included in the Registration were not

7   included in a single unit of publication.   The fifteen designs included in the

8   Registration were published on a variety of dates prior to July 15, 2011, as reflected

9   in Proposed Facts 8-17.

10         13.   A court can determine that a copyright plaintiff's copyright

11  registration is invalid as a matter of law, without referring the matter to the

12  Copyright Office, where the evidence demonstrates that the copyright claimant has

13  failed to comply with the applicable regulations governing single work registrations

14  consisting of multiple separate works.[3]  *See Olander Enters., Inc. v. Spencer Gifts,*

15  *LLC*, 812 F.Supp. 2d 1070, 1075 (C.D. Cal. 2011); *Gold Value Int'l Textile, Inc. v.*

16  *Sanctuary Clothing, LLC*, 2017 U.S. Dist. LEXIS 181296 *18 (C.D. Cal. 2017)

17  (granting summary judgment in favor of defendant upon a finding that plaintiff

18  failed to comply with regulations governing the registration of unpublished

19  collections; *Urban Textiles, Inc. v. Cato Corp.*, 2016 U.S. Dist. LEXIS 193921 *16-

20  17 (C.D. Cal., 2016).

21  _____

22  [3] A reference to the Copyright Office pursuant to 17 U.S.C. § 410(b) is not needed here.   A reference is appropriate when there are inaccuracies in a Copyright

23  Registration, the regulations are unclear, and the Copyright Office needs to opine on whether those inaccuracies would have caused the Office to refuse the

24  application.   Here, the issue is not that the Registration contains inaccurate information (i.e. the works included in the Registration were published as a single

25  unit but on a date other than that listed in the Registration).   Separately, the regulations are clear concerning authorship and/or what constitutes publication

26  and/or a unit of publication. Hence, the works included in the Registration were not published as a single unit of publication thereby making them ineligible for a single

27  work registration consisting of multiple works.   When the works at issue in a registration are not published as a single unit, plaintiff has failed to carry its burden

28  of establishing it has a valid registration and judgment in favor of the defendant is appropriate.

14.     Plaintiff has failed to establish that it has a valid single work registration that complies with the single unit of publication requirements.  As a result, Plaintiff has not established its prima facie case for infringement, thereby providing a basis, apart from the invalidity of the Registration, which would entitle Topson Downs to judgment in its favor.

15.     Further, UDP independently has the burden of showing copyrightable elements added to public domain elements because not every combination of public domain elements qualifies for copyright protection.  *See Lamps Plus, Inc. v. Seattle Lighting Fixture*, 345 F. 3d 1140, 1146  (9th Cir. 2003) ("[A] combination of unprotectable elements is eligible for copyright protection only if those elements are numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship."); *see also* Compendium II of Copyright Office Practices, § 307.01 (1984) ("[a]ny compilation consisting of less than four selections is considered to lack the requisite original authorship."  UDP has not done so.  On this separate ground, Topson Downs is entitled to judgment.

16.     In any infringement action, a plaintiff is only entitled to one statutory award for all infringements of any one copyrighted work. Lou*is Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.* 658 F. F.3d 936, 946 (9th Cir. 2011).

17.     Where an infringer establishes that it was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the Court can, in its discretion, reduce the award of statutory damages to a sum of not less than $200. 17 U.S.C. § 504 (c)(2).

///

///

///

///

///

18.     Only in the event that the Court finds any infringement and/or finds that UDP has proven infringement, the evidence demonstrates that Topson Downs did not know, and had no reason to know, that its acts constituted an act of infringement as to the 28 Design. As a result, Topson Downs has met its burden of establishing it was an innocent infringer, if an infringer at all.  The Court should exercise its discretion and award UDP no more than $200 in statutory damages.

Dated:  January 23, 2019                    BUCHALTER, A Professional Corporation


By:     /s/ Matthew L. Seror
         MATTHEW L. SEROR
Attorneys for Defendant
TOPSON DOWNS OF CALIFORNIA, INC.