UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL DYEING & PRINTING, INC., <br><br> Plaintiff, <br><br> vs. <br><br> TOPSON DOWNS OF CALIFORNIA, INC., <br><br> Defendant. | Case No. 2:17-cv-03879-DDP (MRWx) <br><br> **FINDINGS OF FACT AND CONCLUSIONS OF LAW** <br><br> Trial: January 15, 2019 |

Plaintiff brings this action against Defendant for the alleged infringement of a copyrighted fabric design. The matter was tried before the court on January 15 and 16, 2019. Having considered the submissions and arguments of the parties, as well as the evidence presented, the court makes the following findings of fact and conclusions of law.

# I. BACKGROUND

## A. The Parties

Plaintiff Universal Dyeing & Printing, Inc. is a fabric printer. Topson Downs is a Culver City based designer and seller of apparel products.

## B. The Copyright Registration and Design at Issue

The design at issue in this case has been designated by Plaintiff, UDP, as UA16128 the ("28 Design"). (See Trial Exhibit 2, P. 2 [28 Design]). The 28 Design is included within United States Copyright Registration No. VA 1-792-167 (the "Registration"). (See Trial Exhibit 6 [Registration]).

The Registration arose out of an application for a "single work" registration for a group of published works and includes a total of fifteen textile designs.

The Registration bears an effective date of September 7, 2011 and indicates that the works included in the Registration were authored by Universal and were first published on July 15, 2011.

# II. FINDINGS OF FACT

## A. UDP Registers 15 Textile Designs, Including the 28 Design, as Part of a Single Work Registration; but the Designs in the Single Work Registration Were Not All Authored by UDP, and Those Designs Were Not All Published as a Single Unit, All at the Same Time, as Even UDP Admitted.

1. The registration at issue is VA 1-792-167 and includes 15 textile designs (UA16128 (the 28 Design); UA16129; UA16130; UA16131; UA16132; UA16133; UA16136; UA16137; UA16138; UA16144; UA16145; UA16146; UA16147; UA16148 and UA16149). Trial Exh. 6.

2. UDP's designer (Kathy Kim) created three of the fifteen designs included in the Registration (UA16128 (the 28 Design); UA16133 and UA16138). Kim Testimony, p. 34, ln. 17 – p. 35, ln. 7.

3. Kathy Kim took elements from the *Ethnics: Designer's Notebook Belvedere* and used them to create the 28 Design. Stipulated Fact (f).

4. Kathy Kim did not create the UA16129; UA16130; UA16131;

UA16132; UA16136; UA16137; UA16144; UA16145; UA16146; UA16147; UA16148 or UA16149 designs. Kim Testimony, p. 34, ln. 17 – p. 35, ln. 7.

    5.  The designs not created by Kim (UA16129; UA16130; UA16131; UA16132; UA16136; UA16137; UA16144; UA16145; UA16146; UA16147; UA16148 and UA16149) were assigned to UDP by third party Medici Textiles, who authored those twelve designs. Trial Exhs. 14, 16, 18, 20, 22, 24, 26, 28, 30, 32, 34, 36. Specifically:

  a. On June 13, 2011, Medici Textiles assigned to UDP a design named Silky Pino. Medici Textiles is listed as the author of the Silky Pino design. Trial Exh. 14.

  b. On June 13, 2011, UDP assigned design number UA16129 to the Silky Pino design received from Medici Textiles. Trial Exh. 15.

  c. On June 20, 2011, Medici Textiles assigned to UDP a design named Blue Creek. Medici Textiles is listed as the author of the Blue Creek design. Trial Exh. 16.

  d. On June 20, 2011, UDP assigned design number UA16130 to the Blue Creek design received from Medici Textiles. Trial Exh. 17.

  e. On June 17, 2011, Medici Textiles assigned to UDP a design named Ruby Essence. Medici Textiles is listed as the author of the Ruby Essence design. Trial Exh. 18

  f. On June 17, 2011, UDP assigned design number UA16131 to the Ruby Essence design received from Medici Textiles. Trial Exh. 19.

  g. On June 15, 2011, Medici Textiles assigned to UDP a design named Earth Care. Medici Textiles is listed as the author of the Earth Care design. Trial Exh. 20.

| | | |
|---|---|---|
| | h. | On June 15, 2011, UDP assigned design number UA16132 to the Earth Care design received from Medici Textiles. Trial Exh. 21. |
| | i. | On June 22, 2011, Medici Textiles assigned to UDP a design named Hello Stripe. Medici Textiles is listed as the author of the Hello Stripe design. Trial Exh. 22. |
| | j. | On June 22, 2011, UDP assigned design number UA16136 to the Hello Stripe design received from Medici Textiles. Trial Exh. 23. |
| | k. | On June 21, 2011, Medici Textiles assigned to UDP a design named My Cotton. Medici Textiles is listed as the author of the My Cotton design. Trial Exh. 24. |
| | l. | On June 21, 2011, UDP assigned design number UA16137 to the My Cotton design received from Medici Textiles. Trial Exh. 25. |
| | m. | On June 15, 2011, Medici Textiles assigned to UDP a design named Mistic Canyon. Medici Textiles is listed as the author of the Mistic Canyon design. Trial Exh. 26. |
| | n. | On June 15, 2011, UDP assigned design number UA16144 to the Mistic Canyon design received from Medici Textiles. Trial Exh. 27. |
| | o. | On June 14, 2011, Medici Textiles assigned to UDP a design named Royal Signature. Medici Textiles is listed as the author of the Royal Signature design. Trial Exh. 28. |
| | p. | On June 14, 2011, UDP assigned design number UA16145 to the Royal Signature design received from Medici Textiles. Trial Exh. 29. |

| | | |
|---|---|---|
| 1 | q. | On June 13, 2011, Medici Textiles assigned to UDP a design named Sunset Cliff. Medici Textiles is listed as the author of the Sunset Cliff design. Trial Exh. 30. |
| 2 | r. | On June 13, 2011, UDP assigned design number UA16146 to the Sunset Cliff design received from Medici Textiles. Trial Exh. 31. |
| 3 | s. | On June 23, 2011, Medici Textiles assigned to UDP a design named Pure Nature. Medici Textiles is listed as the author of the Pure Nature design. Trial Exh. 32. |
| 4 | t. | On June 23, 2011, UDP assigned design number UA16147 to the Pure Nature design received from Medici Textiles. Trial Exh. 33. |
| 5 | u. | On June 23, 2011, Medici Textiles assigned to UDP a design named True Mode. Medici Textiles is listed as the author of the True Mode design. Trial Exh. 34. |
| 6 | v. | On June 23, 2011, UDP assigned design number UA16148 to the True Mode design received from Medici Textiles. Trial Exh. 35. |
| 7 | w. | On June 20, 2011, Medici Textiles assigned to UDP a design named Night Fall Paisley. Medici Textiles is listed as the author of the Night Fall Paisley design. Trial Exh. 36. |
| 8 | x. | On June 20, 2011, UDP assigned design number 16149 to the Night Fall Paisley design received from Medici Textiles. Trial Exh. 37. |

6. The Registration lists UDP as the author of all fifteen designs included within the Registration, including those designs authored by Medici Textiles. See Trial Exh. 6.

7. The Registration lists July 15, 2011 as the publication date for the fifteen designs included in the Registration. Trial Exh. 6.

8. UDP maintains a Design Book, in the form of a binder, in its showroom that contains images of textile designs. Pak's Testimony, p. 72, lns. 4-17.

9. The Design Book allows customers to review UDP's designs for the purposes of soliciting orders. Pak's Testimony, p. 72, lns. 18-20.

10. When UDP has a new design, it gets added to the Design Book that is available for customers to view and order. Paks Testimony, p. 74, lns. 2-7.

11. The pages in the Design Book are in the form reflected on Trial Exhibits 15, 17, 19, 21, 23, 25, 27, 29, 31, 33, 35, 37, 38, 39 and 40. Pak's Testimony, p. 74, lns. 12-19.

12. The date reflected on each of the trial exhibits, Exh. Nos. 15, 17, 19, 21, 23, 25, 27, 29, 31, 33, 35, 37, 38, 39 and 40 is the date that the particular design is added to the Design Book. Paks Testimony, p. 74, lns. 20-24.

13. The purpose of adding the documents marked as Trial Exhs. 15, 17, 19, 21, 23, 25, 27, 29, 31, 33, 35, 37, 38, 39 and 40 to the Design Book was to solicit orders from customers for the designs. Paks Testimony, p. 73, ln. 8- p. 74, ln. 1.

14. On June 13, 2011, UDP added design UA16128 (the 28 Design) to the Design Book. Trial Exh. 38.

15. On June 15, 2011, UDP added design UA16132 to the Design Book. Trial Exh. 39.

16. On June 15, 2011, UDP added design UA16138 to the Design Book. Trial Exh. 40.

17. The following chart, taking the dates found on Trial Exhibits 15, 17, 19, 21, 23, 25, 27, 29, 31, 33, 35, 37, 38, 39 and 40 reflects the date each of the designs included in the Subject Registration was inserted into the Design Book for the purposes of soliciting orders from customers.

| **Medici Textile Design** | **Plaintiff's Design No.** | **Date Design Published/Inserted into Design Book** |
|---|---|---|
| Silky Pino | UA16129 | June 13, 2011 |
| Blue Creek | UA16130 | June 20, 2011 |
| Ruby Essence | UA16131 | June 17, 2011 |
| Earth Care | UA16132 | June 15, 2011 |
| Hello Stripe | UA16136 | June 22, 2011 |
| My Cotton | UA16137 | June 21, 2011 |
| Mistic Canyon | UA16144 | June 15, 2011 |
| Royal Signature | UA16145 | June 14, 2011 |
| Sunset Cliff | UA16146 | June 13, 2011 |
| Pure Nature | UA16147 | June 23, 2011 |
| True Mode | UA16148 | June 23, 2011 |
| Night Fall Paisley | UA16149 | June 20, 2011 |
| N/A | UA16128 | June 13, 2011 |
| N/A | UA16132 | June 15, 2011 |
| N/A | UA16138 | June 15, 2011 |

## III. <u>CONCLUSIONS OF LAW</u>

1. To prevail on its copyright infringement claim, UDP must prove (1) ownership of a valid copyright in the work at issue; and (2) infringement by Topson Downs of the protectable elements of UDP's work. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000).

2. A copyright registration is 'prima facie evidence of the validity of the copyright and the facts stated in the certificate.'" *United Fabrics International v. C&J Wear, Inc*., 630 F. 3d 1255, 1257 (9th. Cir. 2011), *citing to* 17 U.S.C. § 410(c). "To rebut the presumption [of validity], an infringement defendant must simply offer some evidence or proof to dispute or deny the plaintiff's prima facie case of infringement." *Lamps Plus, Inc. v. Seattle Lighting*

*Fixture Co.,* 345 F.3d 1140, 1144 (9th Cir. 2003), *quoting Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.* 122 F.3d 1211, 1217 (9th Cir. 1997).

3. Defendant has rebutted the presumption of validity afforded by 17 U.S.C. § 410(c) by: (1) establishing that Plaintiff is not the author of the fifteen designs included in the Registration (as set forth on the Registration); and (2) by establishing that the fifteen designs were not all published on July 15, 2011 (as set forth on the Registration). See Proposed Findings of Fact 4 and 5 [UDP not author of fifteen designs included in Registration]; and 8-17 [the fifteen designs included in the Registration were not all published on July 15, 2011].

4. Once the presumption of validity is rebutted, UDP has the burden of proving it has a valid registration. Multiple works may be registered for copyright protection at one time, either through a single work registration or, for certain classes of works, a group registration. *Unicolors, Inc. v. Macy's, Inc.* 1016 U.S. Dist. LEXIS 193259, *8 (C. D. Cal. 2016).

5. In the case of published works, applicable regulations permit group registrations for "automated databases," "related serials," "daily newspapers," contributions to periodicals," "daily newsletters," and "published photographs." 37 C.F.R. § 202.3(b)(5)-(10) (emphasis added).

6. The textile designs that are included in the Registration are not "automated databases," "related serials," "daily newspapers," contributions to periodicals," "daily newsletters," and "published photographs," and therefore the Registration is not a group registration. *See Unicolors, Inc. v. Macy's, Inc.* 1016 U.S. Dist. LEXIS 193259, *8-9; 37 C.F.R. § 202.3(b)(5)-(10).

7. The designs in a single work registration must be published in a single unit of publication. 37 C.F.R. § 202.3(b)(4)(i)(A).[1] *United Fabrics International v. C&J Wear, Inc.*, 630 F. 3d 1255, 1257 (9th Cir. 2011). Publication

---

[1] A single group work registration is available for "all copyrightable elements that are otherwise recognizable as self-contained works, that are included in a single unit of publication, and in which the copyright claimant is the same."

8

is, in relevant part here, "the distribution of copies or phonorecords of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending. The offering to the distribute copies or phonorecords to a group of persons for purposes of further distribution, public performance, or public display, constitutes publication." 17 U.S.C. § 101.

8. Related to the publication requirement, a necessary element of a published-collection copyright is that the collection is "sold, distributed or offered for sale concurrently." *United Fabrics International v. C&J Wear, Inc.*, 630 F. 3d 1255, 1257 (9th. Cir. 2011). In other words, the group of textile designs within the Registration must first be sold, distributed or offered for sale concurrently to satisfy the single unit of publication requirement. If any design is first made available for sale to the public before others, then the works together cannot constitute a single unit of publication. *See Olander Enters., Inc. v. Spencer Gifts, LLC*, 812 F.Supp. 2d 1070, 1075 (C.D. Cal. 2011); *Compendium II: Compendium of Copyright Office Practices* § 607.01 (1984) ("Works . . . may be registered on a single application . . . if they are first published in a single unit of publication . . . .").

9. "Restricting the 'single work' registration to groups of works that are published together for the first time as part of a single unit of publication [] similarly discourages copyright holders from sitting on their rights by preventing a copyright holder from selling an individual work for months or years without registering it, and the later registering it as part of a collection in order to avoid any consequences from the failure to register the work . . . [and] prevents copyright holders from surreptitiously including previously published works as part of a 'single work' registration, when they should in fact be excluded." *Olander*, 812 F.Supp.2d at 1077.[2] Plaintiff argues, notwithstanding these policy principles, that the improper

---
[2] In cases concerning unpublished collections, the prior publication of one design is fatal to the registration of that design, but not to the copyright registration of the collection as a whole or of its other constituent parts. *See Gold Value Int'l Textile v. Sanctuary Clothing, LLC*, No. LA CV16-00339 JAK, 2017 WL 3477746, at *5 (C.D. Cal. May 12, 2017). An unpublished collection registration, however, need

inclusion of previously published works in a single work registration should not affect the registrations of other works comprising a collection of published works. Such an approach, however, would render the single unit of publication rule meaningless. Other courts have also applied the single unit of publication rule to invalidate entire collective registrations, even where only two or three designs in a collection of over one hundred designs had previously been published. *See Olander*, 812 F.Supp.2d at 1077-78. This Court is not aware of any statutory, regulatory, or other basis for an exception to the single unit of publication rule, and declines to create one here.[3]

10. The fifteen designs included in the Registration were not first published in a single unit of publication. The fifteen designs included in the Registration were published on a variety of dates prior to July 15, 2011, as reflected in Proposed Facts 8-17. *See Urban Textiles, Inc. v. Cato Corp.*, No. 14-cv-06967-ODW, 2016 WL 6804911, at *4 (C.D. Cal., Apr. 4, 2016).

11. Plaintiff has failed to establish that it has a valid single work registration that complies with the single unit of publication requirement.[4] As a result, Plaintiff has not established its prima facie case for infringement. Topson

---

not satisfy the single unit of publication requirement applicable to published collections, such as the one at issue in this case. *Id.* at *2.
[3] Contrary to Plaintiff's assertion, *Alaska Stock, LLC v. Houghton Mifflin Harcourt Pub. Co.*, 747 F.3d 673, 685 (9th Cir. 2014) stands for no such proposition. Rather *Alaska Stock* concludes that registration of a collection can serve as registration of both the collection itself and its constituent parts. *Id.* The *Alaska Stock* court acknowledged that Copyright Office interpretations of the Copyright Act, including internal manuals and agency letters, are entitled to some deference. *Id.* As discussed above, the Copyright Office has opined that that constituent parts of a collection of published works must be first published in a single unit of publication. *Compendium II* § 607.01.
[4] Defendant need not make any showing of fraud to rebut the presumption of validity. Even absent a showing of intent to deceive, however, a knowing misstatement or omission of a fact that might have caused the Copyright Office to reject an application may render a registration certificate incapable of supporting an infringement action. *See Urban Textile*, 2016 WL 6804911 at *5 (quoting Melville B. Nimmer & David Nimmer, 2 *Nimmer on Copyright* § 7.2[B][1] (2013).

Downs is therefore entitled to judgment in its favor.

DATED: 2-1-19

_____
Hon. Dean D. Pregerson